UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| THOMAS C. THOMPSON, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:09-1188 |
| ) | **JUDGE HAYNES** |
| ROBERTSON COUNTY SHERIFF'S ) | |
| DEPARTMENT, ET AL., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM

Plaintiff, Thomas C. Thompson, Jr., filed this pro se action under 42 U.S.C. § 1983 against the Defendants: Robertson County Sheriff's Department and the Robertson County Jail. According to his complaint, Plaintiff's mother was not provided handicapped parking when she visited Plaintiff while he was incarcerated in the Robertson County Detention Center. In addition, Plaintiff, who asserts that he was found "not guilty" on September 9, 2009 of child neglect, but was charged with the same offense and transported to the White House Police Department "for paperwork" on December 9, 2008. Third, an unnamed corrections officer at jail refused to allow Plaintiff to return in his cell to get deodorant prior to going to court, would not give Plaintiff his inhaler after he was later placed in a lock- down cell, and threw his grievances away. Fourth, on December 9, 2009, a warrant was issued against Plaintiff for child neglect without verification of an injury to the child. On May 3, 2009, Plaintiff was placed in a cell with an inmate who had a staph infection, and two weeks later, Plaintiff allegedly contracted a staph infection. See Docket Entry No. 1, ¶ IV, p. 5)[1]

In those actions in which a plaintiff is permitted to proceed *in forma pauperis*, the courts are

---

[1] Plaintiff sets forth his claims on separate pages, each numbered p. 5.

required to dismiss the complaint at any time it is determined to be frivolous, malicious, or if it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2). A complaint is frivolous and warrants dismissal when the claims "lack[] an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). Claims lack an arguable basis in law or fact if they contain factual allegations that are fantastic or delusional, or if they are based on legal theories that are indisputably meritless. *Id.* at 327-28; *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198-99 (6th Cir. 1990). Although the courts are required to construe *pro se* pleadings liberally, *see Boag v. MacDougall*, 454 U.S. 364, 365 (1982), the courts have no discretion in permitting a plaintiff proceeding *in forma pauperis* to amend his complaint to avoid a *sua sponte* dismissal. *See* 28 U.S.C. § 1915(e)(2)(providing that the district court "***shall*** dismiss the case")(emphasis added); *Benson v. O'Brian*, 179 F.3d 1014, 1016 (6th Cir. 1999).

To state a claim under § 1983, Plaintiff must allege and show: 1) that he was deprived of a right secured by the Constitution or laws of the United States; and 2) that the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-56 (1978); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998). Both parts of this two-part test must be satisfied to support a claim under § 1983. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Plaintiff names the Robertson County Sheriff's Department and the Robertson County Jail as the defendants to this action, but a sheriffs' department is not a person that can be sued under § 1983. *See Petty v. County of Franklin, Ohio* 478 F.3d 341, 347 (6th Cir. 2007); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994); *Timberlake by Timberlake v. Benton*, 786 F.Supp. 676, 682-83

(M.D. Tenn. 1992). A jail also is not a person that can be sued under § 1983, neither is a jail. *Marsden v. Fed. BOP*, 856 F.Supp. 832, 836 (S.D.N.Y.1994); *Powell v. Cook County Jail*, 814 F.Supp. 757, 758 (N.D.Ill.1993); *McCoy v. Chesapeake Corr'l Ctr.*, 788 F.Supp. 890, 893-894 (E.D.Va.1992).

For these reasons, Plaintiff's complaint fails to state a claim for relief.

An appropriate Order is filed herewith.

William J. Haynes, Jr.
United States District Judge

1-27-10